United States District Court
Southern District of Texas
**ENTERED**
April 07, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PENG YU, | § | CIVIL ACTION NO |
| Plaintiff, | § | 4:24-cv-05070 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| STATE OF TEXAS, | § | |
| Defendant. | § | |

ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION

Plaintiff Peng Yu proceeds here *pro se*. He filed a notice of removal of his felony and misdemeanor criminal cases pending in Brazos County court. Dkt 1. In it, he appears to allege violations of his federal and state rights during the course of his prosecution by the State of Texas for obstruction or retaliation and criminal trespass. Id at 2–3; see also Dkts 1-4 (criminal trespass case summary) & 1-7 (obstruction or retaliation case summary).

The matter was referred to Magistrate Judge Dena Hanovice Palermo. Dkt 5. Pending is her Memorandum and Recommendation dated February 25, 2025. Dkt 8. She recommends *sua sponte* that this case be remanded to state court due to lack of subject-matter jurisdiction, given that this is a criminal action, and Plaintiff fits no exception permitting removal.

Plaintiff submitted two objections. Dkts 9 & 10. The State of Texas hasn't submitted a filing in this federal court action to date.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see

also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there is no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

In his first objection, Plaintiff briefly states objections of a general nature that he has experienced discrimination on account of his race during the course of his confinement. Dkt 9 at 1. He also states vague objections regarding being deprived effective assistance of counsel and other vague constitutional violations. Id at 1, 3–4.

Upon *de novo* review and to the extent discernible, these objections are found to lack merit. None address subject-matter jurisdiction or show error in the subject ruling.

In his second objection, Plaintiff objects to the timeliness of this Court's consideration of his case under 28 USC §1455 as well as the "assignment of a magistrate judge." Dkt 10 at 1.

Upon *de novo* review and to the extent discernible, these objections are also found to lack merit. Judge Palermo correctly determined that Plaintiff doesn't qualify for removal under §1455. As to his objection to the referral, orders referring cases to a magistrate judge pursuant to 28 USC §636(b)(1) do not require the consent of the parties. *Adimora-Nweke v McGraw*, 2024 WL 2874561, *2 (5th Cir), citing *Newsome v EEOC*, 301 F3d 227, 230 (5th Cir 2002). What's more, his objections under 28 USC §636(c) apply only to civil matters, of which his case is not.

Upon review of the Memorandum and Opinion and the record as a whole, no clear error otherwise appears.

The objections by Plaintiff Peng Yu are OVERRULED. Dkt 9 & 10.

The Amended Memorandum and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 8.

The motion by Plaintiff for expedited removal is DENIED AS MOOT. Dkt 4.

All other motions, if any, are DENIED AS MOOT.

This case is REMANDED to the 272nd District Court, Brazos County, Texas.

The Clerk is ORDERED to provide a copy of this Order to the Clerk of the 272nd District Court, Brazos County, Texas.

SO ORDERED.

Signed on April 7, 2025, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge